Compiler of Law / Territorial Library

SUPERIOR COURT

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

K.D.I. GUAM, INC., )
    )
        Plaintiff, )
    )
    vs. )
    )
EAST-WEST INC., MAMORU ENDO, )
PACIFIC AMERICAN TITLE INSURANCE )
& ESCROW CO., and DOES 1-10, )
    )
        Defendants. )
    )

**CASE NO. CV0137-07**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Plaintiff K.D.I. Guam Inc.'s ("K.D.I.") Motion for Summary Judgment against Defendant Mamoru Endo ("Endo"), the Defendant East-West Inc.'s ("East-West") Motion for Summary Judgment, and the Defendant Pacific American Title Insurance & Escrow Co.'s ("PATICO") Motion for Summary Judgment. All three motions were filed with the Court on January 14, 2008. Attorney Rawlen M. T. Mantanona appeared on behalf of K.D.I., Attorneys Elyze J. McDonald and Donald V. Calvo appeared on behalf of East-West, Attorney Anthony R. Camacho appeared on behalf of Endo, and Attorney Bill R. Mann appeared on behalf of PATICO. Oral arguments were denied pursuant to the Local Rules of the Superior Court of Guam CVR. 7.1(e)(1). *See* Guam R. Civ. P. 77(b), 78. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This dispute arose out of a series of events over the sale of Lot No. 5372-2-R1 in Mangilao, Guam in 1997. Plaintiff K.D.I. is a closely held Guam corporation who owned the land and was founded to develop and sell the land in question. Defendant Endo is the only officer of K.D.I. who resides on Guam and he allegedly deceived K.D.I. and its other officers in

ORIGINAL

Japan by secretly selling the property. Defendant East-West is a Guam corporation who bought the land in the disputed transaction with Endo. Defendant PATICO is the escrow agent of the sale.

In its amended complaint, K.D.I. alleges that Endo sold the land to East-West in 1997 without authorization and then concealed the sale from K.D.I. until 2006. K.D.I. prays to recover the property through quiet title, and to recover damages on the theories of fraud and breach of trust against Endo, and on the theories of interference with property, unjust enrichment and promissory estoppel against all defendants.

## DISCUSSION

### Summary Judgment Standard

A motion for summary judgment is governed by Guam Rules of Civil Procedure ("GRCP") Rule 56, which provides that "The judgment sought shall be rendered forthwith if...there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* GRCP Rule 56(c). Summary Judgment must be granted "forthwith," unless the court determines that further time for discovery should be allowed. *See* GRCP 56(f). The party who is seeking summary judgment has the burden to show that there are no genuine issues of material fact. *See* Celotex Corp. v. Katrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Moreover, once the moving party has met this burden, the nonmoving party must come forward and make some affirmative showing with specific acts that evidence exists to support its claims and that there is a genuine issue of material fact for trial. Id. *See also* Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

"A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *See* T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.,809 F.2d 626, 630 (9th Cir.1987). If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot rely merely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986).

ORIGINAL

Where credibility is at issue, summary judgment may not be granted. Only after an evidentiary hearing or full trial can credibility issues be appropriately resolved. *See* S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 698 (9th Cir.1978), cert denied, 439 U.S. 953 (1978). Discretion plays no real role in the grant of summary judgment. *See* Id. In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant. *See* Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339 (9th Cir. 1989). The "court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *See* T.W. Elec. Serv., 809 F.2d at 631.

**K.D.I.'s Motion for Summary Judgment against Defendant Endo**

Under Guam law, an essential element of fraud is misrepresentation. *See* Trans Pacific Export Co. v. Oka Towers Corp., 2000 Guam 3, ¶ 23; 2000 WL 32127 (Sup. Ct. Guam 2000).

In this case, K.D.I. claims that Endo committed fraud when he sold K.D.I.'s property to East-West. An essential element of K.D.I.'s claim is whether Endo misrepresented and withheld from K.D.I. the fact that he sold the property in 1997. K.D.I. points to Endo's deposition testimony to argue that he failed to tell K.D.I of the sale until 2006. Endo points to conflicting portions of the same testimony to argue that he informed K.D.I. of the sale when it happened in 1997. This date is in dispute and when viewed in the light most favorable to the nonmovant, Endo, a reasonable jury could return a verdict in Endo's favor on the basis that he notified K.D.I. of the sale when it occurred in 1997. *See* T.W. Elec. Serv., 809 F.2d at 631. Furthermore, Endo appears to have given conflicting accounts and is generally vague in his deposition testimony. This presents an issue of credibility that must be resolved in open court. *See* Koracorp Industries, Inc., 575 F.2d at 698. For these reasons, summary judgment is inappropriate against Endo, and the motion is denied.

**East-West's Motion for Summary Judgment against Plaintiff K.D.I. Guam**

East-West moves for Summary Judgment on four grounds: 1) the statute of limitations has lapsed; 2) the doctrine of laches prevents recovery; 3) Endo had the apparent authority to bind K.D.I.; and 4) East-West is protected as a bona fide purchaser of the land.

ORIGINAL

The tolling of a statute of limitations as well as the application of laches can involve the element of diligence on the part of the plaintiff to discover and claim the injury. *See* Federal Election Comm'n v. Williams, 104 F.3d 237, 242 (9th Cir. 1996) *and* Guam Election Comm'n v. Responsible Choices for All Adults Coalition, 2007 Guam 20, ¶ 77; 2007 WL 4689002 (Sup. Ct. Guam 2007).

In this case, East-West argues that K.D.I. clearly did not exercise the diligence required to toll the applicable statute of limitations or to overcome the defense of laches. East-West points to the deposition testimony of K.D.I.'s officers, including Endo, to argue that it is undisputed that K.D.I. did not perform the required diligence in order to avoid these bars to relief. However, K.D.I. argues that despite any amount of diligence, the transaction was concealed from K.D.I. by its Vice-President Endo through forged reports, forged official documents, and other affirmative misrepresentations. As discussed above, Endo's testimony raises an issue of credibility which must be resolved in open court. *See* Koracorp Industries, Inc., 575 F.2d at 698. In an abundance of caution, it is inappropriate for this Court to make a conclusive finding of undisputed fact that K.D.I. failed to exercise enough diligence to uncover such extensive alleged fraud without more evidence. Therefore, summary judgment should not be granted on the basis of a statute of limitation or a defense of laches.

Under Guam law, a buyer is only protected by apparent authority or by a bona fide purchase when they are unaware of any false authority or fraud. Apparent authority exists where a third person reasonably believes the agent has the authority to act on behalf of the principal. *See* Tedtaotao v. One-Eighth Undivided Interest in Lot 98, Civil Action No. 95-00147A, *Order Affirming Judgment* (D. Ct. Guam Sept. 30, 1996) *citing* 18 GCA § 20214. Likewise, a bona fide purchaser exists where purchase is made in good faith and without actual notice of another's interests or of fraud. *See* Taitano v. Lujan, 2005 Guam 26, ¶ 27; 2005 WL 3579088 (Sup. Ct. Guam 2005) *citing* 21 GCA § 37102.

In this case, East-West argues that their purchase of the land is protected as a matter of law under the doctrines of apparent authority and the bona fide purchaser. East-West alleges that it is undisputed that Endo was cloaked with the apparent authority to sell the property and that East-West bought the land in good faith as a bona fide purchaser. However, K.D.I. disputes whether East-West acted in good faith or actually believed that Endo had the authority to sell the property. For example, K.D.I. points to a portion of Endo's deposition testimony in which he

ORIGINAL

vaguely asserts his recollection that East-West created documents for him under the color of K.D.I. and its shareholders in order to effectuate the sale. Endo's allegation is confusing and further compounds the credibility issues that must be resolved in open court. *See* <u>Koracorp Industries, Inc.</u>, 575 F.2d at 698. Endo's allegation of bad faith, when viewed in the light of the background facts and allegations, is such that a reasonable jury could return a verdict in K.D.I.'s favor based upon East-West's alleged misdeed. *See* <u>T.W. Elec. Serv.</u>, 809 F.2d at 631 Furthermore, without some significant probative evidence from either party tending to support or deny this testimonial dispute, the Court cannot make a finding of undisputed fact on the matter. *See* <u>Liberty Lobby, Inc.</u>, 477 U.S. at 249. For these reasons, a dispute remains over a material fact of East-West's defenses and summary judgment must be denied.

**PATICO's Motion for Summary Judgment against Plaintiff K.D.I. Guam**

PATICO and K.D.I. do not dispute any of the facts regarding the escrow procedure and the events of the 1997 sale as they relate to PATICO. They do not dispute the facts that PATICO complied with the escrow instructions and did not discover any fraud. Because there are no material disputes of fact in this matter, summary judgment remains appropriate. *See* GRCP Rule 56(c).

Under the law, an escrow agent has the duty to comply with the escrow instructions and to disclose known fraud. *See* <u>Summit Financial Holdings, Ltd. v. Continental Lawyers Title Company</u>, 41 P.3d 548, 27 Cal.4th 705 (2002). Some of our sister jurisdictions apply the duty of disclosure where facts actually known to the escrow agent present substantial evidence of fraud, however it is clear that an escrow agent does not have the duty to investigate for fraud. The Supreme Court of Arizona held, "Although not required to investigate, when the [escrow] agent is aware of facts and circumstances that a reasonable escrow agent would perceive 'as evidence of fraud,' then there is a duty to disclose." *See* <u>Burkons v. Ticor Title Ins. Co. of California</u>, 813 P.2d 710, 718, 168 Ariz. 345, 353 (1991). The Supreme Court of Nevada similarly held,

> [An] escrow agent has a duty to disclose fraud committed by another party to the escrow "if the facts actually known to the escrow agent present substantial evidence of fraud."...[An] escrow agent has no duty to investigate circumstances surrounding a particular sale in order to discover fraud.

*See* <u>Mark Properties, Inc. v. National Title Co.</u>, 34 P.3d 587, 590-91, 117 Nev. 941, 945 (2001) *citing* <u>Burkons</u> 813 P.2d at 720.

ORIGINAL

In this case, the parties do not dispute these established duties of an escrow agent. Instead, K.D.I. argues that, under Burkons, PATICO should have reasonably perceived the evidence of fraud by obtaining K.D.I.'s articles of incorporation. K.D.I. asserts that PATICO was obligated to interpret these documents, which were outside of escrow, in order to determine if Endo correctly held a power of attorney and if K.D.I.'s shareholders correctly agreed to sell K.D.I.'s property. This assertion misapplies the duty to reasonably perceive fraud from Burkons, as the fraud in this case could only be discovered with research outside of escrow, and the fraud in Burkons was apparent from the documents within escrow. The Burkons Court affirms that the duty to disclose fraud, "does not require the escrow agent to investigate and search for fraud." *See* Id. at 718; *and* Mark Properties, 34 P.3d at 590-91. In this case, it is not disputed that PATICO did not find the documents in escrow to be fraudulent. The parties agree that the only way to discover the suggestion of fraud would be to obtain K.D.I.'s articles of incorporation and to interpret the legal meanings of words like "quorum" as they apply to K.D.I. Such an investigation is above and beyond any recognized responsibility of an escrow agent. *See* Burkons, 813 P.2d at 718; *and* Mark Properties, 34 P.3d at 590-91; *and* Summit Financial, 41 P.3d at 551-52. PATICO has no duty to go outside of escrow to discover fraud, and because the parties agree that no fraud was in fact discovered in 1997, PATICO did not breach any duty of disclosure to K.D.I.. Furthermore, as discussed above, it is undisputed that PATICO faithfully performed its duties as escrow agent. Therefore, K.D.I.'s claims against PATICO fail and summary judgment may be granted in favor of PATICO.

///
///
///
///
///
///
///
///
///
///

## CONCLUSION

Based upon the foregoing, K.D.I.'s Motion for Summary Judgment against Endo is hereby DENIED, East-West's Motion for Summary Judgment is hereby DENIED, and PATICO's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED this _71_ day of January, 2009.

Original Signed By:
HON. STEVEN S. UNPINGCO

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

ORIGINAL